J.S45034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YUSEPH CROSS, | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2013 |

Appeal from the Judgment of Sentence June 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0008969-2009

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 21, 2014**

Appellant, Yuseph Cross, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his negotiated guilty plea to indecent assault of a complainant less than thirteen years old and corruption of minors.[1] Appellant's counsel, David W. Barrish, Esq. ("Counsel"), has filed a brief[2] pursuant to **Anders v. California**, 386

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1).

[2] Previously, the Commonwealth petitioned this panel to strike Appellant's brief, because it stated the victim's full name, and direct him to file a replacement brief. On July 23, 2014, we entered an order denying the Commonwealth's petition but directing our Prothonotary to seal the brief and certified record. We remind Counsel that "in a prosecution involving a minor

U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), but no separate petition to withdraw. We remand for Counsel to file either an advocate's brief or an amended **Anders** brief which addresses the court's denial of Appellant's pre-sentence motion to withdraw his guilty plea. We also deny the Commonwealth's application for post-submission communication.

On March 22, 2012, Appellant appeared before the trial court to plead guilty.[3] The Commonwealth summarized the underlying facts as follows. The complainant was Appellant's cousin and was six or seven years old at the time of the incidents. On two or three occasions in 2004, Appellant, who was then twenty or twenty-one years old, exposed his penis to the victim and had the victim touch his penis with her mouth. N.T. Guilty Plea H'rg, 3/22/12, at 7-8.

The Commonwealth informed the trial court that the plea was a negotiated one, and the Commonwealth was "nolle prossing the lead charge [of] involuntary deviate sexual intercourse[,]" which carried a five-year mandatory imprisonment sentence. **Id.** at 9. The plea agreement also

---

victim of sexual or physical abuse, the name of the minor victim shall not be disclosed by officers or employees of the court to the public[.]" **See** 42 Pa.C.S. § 5988(a).

[3] At the plea hearing, Appellant was represented by Mark Hinrich, Esq. At sentencing, he was represented by Raymond Driscoll, Esq; Attorney Driscoll also filed the pre-sentence motion to withdraw plea, which we discuss **infra**. In the instant appeal, Appellant is represented by Attorney Barrish.

provided that Appellant be supervised by the sex offender unit of the probation department.[4]  *Id.* at 11.  The court conducted an oral colloquy and Appellant pleaded guilty to indecent assault of a complainant less than thirteen years old and corruption of minors.

On May 22, 2013—before sentencing—the trial court denied Appellant's motion to withdraw his guilty plea.[5]  However, there was no motion to withdraw the plea, and no notation in the docket that one was filed.  Upon informal inquiry by this Court, the Commonwealth provided a copy of the motion, which this Court has made a supplemental record.  In the motion, the sole argument for withdrawing the plea was Appellant's assertion of his innocence to the charges.

On June 26, 2013, the court accepted the parties' joint sentencing recommendation and imposed on each count concurrent sentences of five years' probation, to be supervised by the Sexual Offender Unit.  N.T. Sentencing, 6/26/13, at 5.  Appellant's counsel stated that the recommended sentence was "a guideline sentence."  *Id.*  Furthermore, Appellant was found not to be a sexually violent predator.

Appellant did not file a post-sentence motion, but took this timely

---

[4] The Commonwealth stated at plea hearing, "I believe [Appellant] also has a detainer for a DUI probation."  N.T. Plea H'rg at 10.

[5] *See* Criminal Docket, 11/14/13, at 15.  There is no traditional order in the record, but instead there is a copy of the relevant page of the docket with the trial court's signature in the space of the docket entry.

appeal. The trial court directed him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Counsel sought, and was granted, three extensions of time. Counsel then filed a Rule 1925 statement which stated there were no non-frivolous issues preserved for appeal. *See* Pa.R.A.P. 1925(c)(4) (providing counsel may file statement of intent to file *Anders*/*McClendon* brief in *lieu* of 1925(b) statement).

This Court has stated:

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the defendant].
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in [*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).]. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant

deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). "[A]fter all of the requirements attendant to counsel's request to withdraw are satisfied[,] we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted). "Part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant appeal, Counsel has **not** filed a petition to withdraw from representation. However, he has filed a brief, in which he sets forth relevant authority on the requirements of a guilty plea colloquy, as well as the statutory maximum sentences for Appellant's convictions. Counsel

> states that after making a conscientious examination of the record he has determined that this appeal would be wholly frivolous, that he has notified [A]ppellant of the request to withdraw, that he has furnished [A]ppellant with a copy of the brief prepared by counsel, and that he has advised [A]ppellant of his right to retain new counsel, proceed pro se, or raise any additional points that he may deem worthy of consideration.

Appellant's Brief at 10. Counsel then states, "Having complied with the requirements of *McClendon*, [C]ounsel petitions this Honorable Court for leave to withdraw." *Id.*

Counsel also includes in the brief a copy of a letter he sent to

- 5 -

Appellant that advises Appellant that after conscientious review of the record, he has determined there are no non-frivolous issues, states that he attaches a copy of the *Anders* brief, and advises Appellant of his right to retain new counsel or proceed *pro se*. Finally, Counsel's brief sets forth the factual and procedural history of this case, extensively quotes the oral plea colloquy conducted, cites legal authority for the requirements of a proper plea colloquy, sets forth the maximum sentences for Appellant's offenses, and concludes there are no non-frivolous issues for appeal.

In light of the foregoing, we hold Counsel has substantially complied with the *Anders* requirements, save the filing of a petition to withdraw with this Court. *See Burwell*, 42 A.3d at 1083; *Orellana*, 86 A.3d at 879-80. "'Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we . . . treat counsel's [request] in the brief itself as such a request.' 'Consequently, we find that counsel's motion is properly before this Court for review . . . .'" *See Commonwealth v. Fischetti*, 669 A.2d 399, 400 (Pa. Super. 1995) (citations omitted). We thus examine the record to render an independent judgment as to whether the appeal is wholly frivolous. *See Orellana*, 86 A.3d at 882 n.7; *Vilsaint*, 893 A.2d at 755.

As stated above, Appellant filed a pre-sentence motion to withdraw his guilty plea, averring only a claim of innocence. This Court has stated:

> In [*Commonwealth v. Forbes*, 299 A.2d 268 (Pa. 1973)], our Supreme Court provided the framework for

- 6 -

evaluating presentencing requests to withdraw guilty pleas. There, the Court instructed that, "in determining whether to grant a presentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.'" Specifically, **Forbes** established a two-part standard: . . . "If the trial court finds 'any fair and just reason,' withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" . . .

   . . . "Although it is apparently an extremely unpopular rule with prosecutors and trial courts . . . caselaw has continuously upheld **an assertion of innocence as a fair and just reason for seeking the withdrawal of a guilty plea**."

   In our appellate capacity, we keep in mind that "[a] trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." "**[A]n assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea**."

**Commonwealth v. Carrasquillo**, 78 A.3d 1120, 1125 (Pa. Super. 2013)

(*en banc*) (emphases added) (citations omitted), *appeal granted*, 86 A.3d

830 (Pa. 2014).

   Furthermore,

   Pursuant to Pa.R.Crim.P. 591, upon the motion of a defendant, a trial court may, in its discretion, permit the withdrawal of a guilty plea prior to sentencing. Pa.R.Crim.P. 591(A). In such circumstances, **the court should conduct an on-the-record colloquy** to determine whether the defendant has a fair and just reason to permit withdrawal of the plea. Pa.R.Crim.P. 591, *Comment*.

**Commonwealth v. Pardo**, 35 A.3d 1222, 1227 (Pa. Super. 2011)

(emphasis added).

Finally, we note that on February 19, 2014, our Supreme Court granted allowance of appeal in **Carrasquillo** on, *inter alia*, the question, "Should the standard for presentence withdrawal of a guilty plea, which has devolved into an absolute right to withdraw, be clarified to hold that the trial judge has discretion to determine that an insincere assertion of innocence, unsupported by any facts or rational theory of defense, is not a 'fair and just reason'?" **Carrasquillo**, 86 A.3d 830.

Notwithstanding the Supreme Court's allowance of appeal in **Carrasquillo**, pursuant to current authority, Appellant's claim of innocence **could have** been a meritorious basis for withdrawal. **See In re S.T.S.**, 76 A.3d 24, 44 (Pa. Super. 2013) ("even though petition for allowance of appeal was pending before the Pennsylvania Supreme Court, decision remained binding precedent as long as the decision had not been overturned by our Supreme Court"). However, there is no indication in the record of whether the court conducted an on-the-record colloquy, nor a statement of reasons for the court's denial of the motion. **See** Pa.R.Crim.P. 591, *cmt.*; **Pardo**, 35 A.3d 1222, 1227. We thus cannot resolve whether the court found Appellant established a fair and just reason for withdrawing the plea or provided "an insincere assertion of innocence."[6] **See Carrasquillo**, 86

---

[6] We emphasize that we offer no opinion as to whether Appellant should have been permitted to withdraw his guilty plea.

A.3d 830. Thus, this Court cannot conclude that this appeal is wholly frivolous.

We remand for Counsel to file, within thirty days of this memorandum, either an advocate's brief or an amended **Anders** brief which addresses the court's denial of Appellant's pre-sentence motion to withdraw his plea. Should Counsel choose to file an amended **Anders** brief, he shall include any other issues he deems necessary for our review, including the guilty plea and sentencing issues raised in his current brief; counsel shall also file a separate petition to withdraw. The Commonwealth shall have thirty days from the date of Counsel's filing to file a responsive appellee's brief.

In light of our disposition, we do not rule on the propriety of the guilty plea colloquy and Appellant's sentences at this time.

At this juncture, we note the Commonwealth has filed with this Court an application for post-submission communication. It requests leave to discuss intervening case authority, the decision in **Commonwealth v. Prendes**, 97 A.3d 337 (Pa. Super. 2014). Because the Commonwealth may file an appellee's brief in response to the anticipated brief from Counsel, we deny the Commonwealth's application for post-submission communication.

Case remanded for proceedings consistent with this memorandum. Commonwealth's application for post-submission communication denied. Panel jurisdiction retained.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014